UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE T. ESPINOZA,<br><br>                              Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>                              Defendant. | Case No.:  25-cv-01029-AJB-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR ORDER OF DISMISSAL**<br><br>**(Doc. No. 27)** |

On July 14, 2026, the parties filed a joint motion[1] to dismiss the action with prejudice. (Doc. No. 27.) The parties also ask that the Court retain jurisdiction over the terms of the parties settlement agreement. (*Id.*)

As it relates to the Court retaining jurisdiction, "a federal court may retain jurisdiction over a settlement agreement where the court's order of dismissal incorporates the terms of the settlement agreement, or the order of dismissal explicitly states that the court retains jurisdiction over the settlement." *Gonzalez v. United States*, No. 16-cv-1792-MMA (KSC), 2017 WL 1094074, at *6 (S.D. Cal. Mar. 23, 2017) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). "[A] court is under no obligation

---

[1]     The Court construes the parties' "joint stipulation" as a joint motion. *See* CivLR 7.2.b ("Any stipulation for which court approval is sought must first be filed as a 'joint motion.'").

1

25-cv-01029-AJB-JLB

to retain jurisdiction over a settlement agreement, but may do so if it chooses." *LA All. for Hum. Rts. v. City of Los Angeles*, No. LACV2002291DOCKES, 2023 WL 3431905 (C.D. Cal. May 2, 2023) (quoting *Brass Smith, LLC v. RPI Indus.*, Inc., 827 F. Supp. 2d 377, 381 (2011)).

Here, because the parties do not attach the settlement agreement, nor does Counsel provide any reason or argument as to why the Court should retain jurisdiction for purposes of enforcing the settlement, the Court declines to do so. *See Valencia v. Nissan N. Am., Inc.*, No. 1:25-CV-00989-JLT-SAB, 2025 WL 3776640, at *1 (E.D. Cal. Dec. 31, 2025) (noting that the court "generally declines generic requests to retain jurisdiction following dismissal); *Vestin Realty Mortg. II, Inc. v. Klaas*, No. 08-CV-2011-AJB-MDD, 2014 WL 12898761 (S.D. Cal. July 25, 2014) (denying an unsupported request for the court to retain jurisdiction over a settlement).

For good cause shown, the Court **GRANTS** the joint motion to dismiss and **DISMISSES** this action in its entirety **with prejudice**. (Doc. No. 27.) However, for the reasons stated above, the Court **DECLINES** to retain jurisdiction over the terms of the parties' settlement agreement. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Dated:  July 16, 2026

_____
Hon. Anthony J. Battaglia
United States District Judge

25-cv-01029-AJB-JLB